UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CALTEX PLASTICS, INC, | CASE NO. 2:11-cv-07400-RSWL-JEM |
| Plaintiff, | Hon. Ronald S. W. Lew |
| v. | **[PROPOSED] PROTECTIVE ORDER** |
| 3M COMPANY, | |
| Defendants. | |

Having reviewed the Stipulation for Protective Order agreed to by Plaintiff Caltex Plastics, Inc. ("Caltex") and Defendant 3M Company ("3M") through their respective counsel, and good cause appearing therefor, the Court hereby adopts and enters the Protective Order (herein, "Protective Order" or "Order"), it is hereby ORDERED as follows:

**I.   Definitions**

1.   As used in the Protective Order, these terms have the following meanings:

   a.   "Documents" are materials within the scope of Fed. R. Civ. P. 34.

Mitchell Silberberg & Knupp LLP

1

b. "Written Assurance" means an executed document in the form attached as Exhibit A.

c. "Technical Adviser" shall mean an independent, outside expert witness or consultant with whom counsel deems it necessary to consult and who complies with Paragraph 14.

d. "CONFIDENTIAL" information or material shall mean all information or material, regardless of form, produced for or disclosed to a receiving party that the producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, designates in good faith as confidential because it contains confidential research, development or commercial information as those terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

e. "ATTORNEYS' EYES ONLY" information or material shall mean and is limited to CONFIDENTIAL information or materials that constitute: (i) information, documents, or things pertaining to product designs that have not been introduced to the market, commercialized, or otherwise disclosed to the public; (ii) information or documents pertaining to the materials, methods, or processes that are or could be used by a producing party to manufacture its products; (iii) information that consists of or documents that contain highly sensitive financial, sales, and marketing information and/or strategic business planning; (iv) material that constitutes or contain a trade secret; or (v) unpublished patent applications or documents related thereto.

f. "PROTECTED INFORMATION" means information or material that has been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

g. The definitions of CONFIDENTIAL, ATTORNEYS' EYES ONLY and PROTECTED INFORMATION do not include:

(i) Publicly available materials, such as: published advertising materials, United States Department of Defense and/or Department of Navy documents regarding materials on the Qualified Product List that is available to the public at large, issued patents, published patent applications, prosecution histories and other documents available from the U.S. Patent and Trademark Office, and publications, press releases, newspaper and magazine articles, information released to the public, pleadings and other litigation-related documents filed on the public record, and information publicly filed with governmental agencies;

(ii) Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

(iii) Any information that the receiving party can show was already known to it prior to the disclosure with no obligation of confidentiality;

(iv) Any information that the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

(v) Any information that the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's PROTECTED INFORMATION.

## II.  Designation of Information

2. a. Any PROTECTED INFORMATION that a party wishes to designate under this Protective Order shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to or at the time copies are furnished to the receiving party. Equivalent markings that provide additional information such as the providing party name, case number, and protective order information may also be used, *e.g.*, "(3M or Caltex) CONFIDENTIAL INFORMATION," "(3M or

Caltex) ATTORNEYS' EYES ONLY," or the like. Any document or thing created by a receiving party (*e.g.*, any interrogatory answer, pleading or exhibit) that contains information that has been designated pursuant to this Order shall bear on its face the appropriate legend, *i.e.*, "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or an equivalent marking.

  b. While the parties agree that marking of an entire multi-page document with the legends CONFIDENTIAL or ATTORNEYS' EYES ONLY is permitted if any page of that document contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the parties also agree that they will respond to reasonable requests from opposing counsel to identify those portions of the documents that do not contain CONFIDENTIAL or ATTORNEYS' EYES ONLY.

  3. All PROTECTED INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraphs 1-2 shall be designated by the producing party by informing the receiving party of the designation in writing.

  4. If, during the course of discovery in this action, a party hereto, or its representatives, is authorized to inspect the other party's facilities or manufacturing processes, any documents or things produced at the time of the inspection shall be deemed ATTORNEYS' EYES ONLY and shall be treated as such. Following the inspection, the producing party will promptly review any documents or things to be produced and mark appropriate documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY according to Paragraphs 1 and 2 provided herein, and then provide copies of the designated documents to the inspecting party.

  5. It is contemplated that a party may make available certain of its files for inspection by the other party, which files may contain PROTECTED INFORMATION as well as non-protected material, and that following such inspection the inspecting party will designate documents to be copied and the

copies furnished or produced to it. In order to protect any PROTECTED INFORMATION contained in the files produced for inspection, all documents made available for such inspection shall be assumed to be ATTORNEYS' EYES ONLY and shall be treated as such at the time of inspection. When the inspecting party designates the documents it wishes copied, the producing party will mark appropriate documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY according to Paragraphs 1 and 2 provided herein, and then provide copies of the designated documents to the inspecting party.

6. Whenever a deposition involves a disclosure of PROTECTED INFORMATION the following procedure shall be implemented:

a. At the request of the party whose PROTECTED INFORMATION is disclosed, the reporter shall mark those pages of the transcript containing PROTECTED INFORMATION as either CONFIDENTIAL or ATTORNEYS' EYES ONLY according to Paragraphs 1 and 2 provided herein. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript of depositions as PROTECTED INFORMATION after transcription as in the case of any other document or tangible thing, provided that written notice of such designation is promptly given to the other party. Following such notice, the parties shall confer, if necessary, as to the most convenient way to segregate the designated portions of this transcript. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Paragraph 9 hereof for a period of two (2) weeks after receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the court and used in accordance with Paragraph 7 in connection with these proceedings at any time.

b. The cover of any deposition transcript that contains PROTECTED INFORMATION shall be prominently marked with the applicable legend or legends referred to in Paragraph 2. The dissemination of all portions of

deposition transcripts designated as PROTECTED INFORMATION shall be limited to the persons identified in Paragraphs 9 and 10 hereof.

7. If any PROTECTED INFORMATION is included with or the content thereof is in any way to be disclosed in any pleading, motion, deposition transcript, or other paper filed with the court, such documents and related materials shall be filed under seal in accordance with Local Rule 79-5, using the procedures set forth in Sections V(A) and V(C)(D) of the United States District Court for the Central District of California General Order No. 08-02, and any such filing under seal shall contain a prominent notation substantially in the following format:

**PROTECTED INFORMATION
SUBJECT TO PROTECTIVE ORDER ENTERED ON \_\_\_\_\_, 2012**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES**

If the Court denies a timely and proper application by the party seeking to file a producing party's PROTECTED INFORMATION under seal, that party may then file such PROTECTED INFORMATION not under seal.

8. CONFIDENTIAL information as defined in Paragraph 1d shall only be disclosed if and to the extent reasonably necessary for purposes of this litigation and, except as provided in Paragraph 10, shall only be disclosed to:

    a. Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

    b. Technical Advisers and their necessary support personnel, subject to the provisions of Paragraph 15 herein, provided such Technical Advisers have signed the Written Assurance attached hereto as Exhibit A;

    c. The following in-house counsel that are or may be involved in this litigation, and any paralegals and legal support personnel in a party's legal

department reasonably necessary to assist them in this litigation, subject to the provisions of Paragraph 15 herein, provided such in-house counsel have signed the Written Assurance attached hereto as Exhibit A;

   1. For 3M: Amy Sanders, Jonathon Lande, Mary Yeager, Jason Walbourn and Robert Moshrefzadeh;

   2. For Caltex: no such persons;

  d. The following officers and/or employees that are or may be involved in this litigation, provided such officers and/or employees have signed the Written Assurance attached hereto as Exhibit A:

   1. For 3M: Brent Beamer, Matt Bosway, Voyl Divljakovic, Ashley Kees, Karen Jin, Dave Halliday and Marge Vance;

   2. For Caltex: Rafael Rosenfeld, Jim Higgs and Fred Movey;

   3. Each party may seek to designate additional officers and/or employees by providing the title and job description of any additional person(s) to the other party.  The other party will promptly review any such request for additional designation, but it is expressly agreed that the other party does not have to agree to additional designation.  In the event of a disagreement regarding additional designation, the dispute can be presented to the Court for resolution;

  e. The Court, its personnel and stenographic reporters, and any jurors sworn in this matter (under seal or with other suitable precautions determined by the Court);

  f. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

  g. Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services

including mock jurors who have been informed of the requirement to maintain these documents as CONFIDENTIAL and have agreed to do so;

  h. Litigation support vendors, such as document reproduction services, computer imaging services, demonstrative exhibits services, commercial copy vendors, contract document reviewers, and computer forensic vendors, who have been retained by counsel for purposes of this action and have been informed of the requirement to maintain these documents as CONFIDENTIAL and have agreed to do so;

  i. To persons who are mentioned in the document and who have been informed of the requirement to maintain these documents as CONFIDENTIAL and have agreed to do so by signing the Written Assurance attached hereto as Exhibit A; and

  j. To persons who appear on the face of the document to have authored it and/or previously received it.

 9. With respect to category 8c above, Caltex and 3M agree that the number of in-house counsel listed in paragraph 8c will not exceed six for each side, and Caltex and 3M agree that they will not request the Court at a later date to expand that number beyond six. Caltex and 3M, however, preserve the right to request the Court to substitute the currently listed in-house counsel with other in-house counsel if employment circumstances change, such as an in-house counsel leaving the company or a division, a leave of absence, or a material change of job responsibility.

 10. ATTORNEYS' EYES ONLY information as defined in Paragraph 1e shall only be disclosed, if and to the extent reasonably necessary for purposes of this litigation, to those people disclosed in Paragraph 8a, 8b, 8c, 8e, 8f, 8g, 8h and 8j.

Mitchell Silberberg & Knupp LLP

### III. Use of PROTECTED INFORMATION

11. All PROTECTED INFORMATION shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced PROTECTED INFORMATION shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

12. Except as may be otherwise ordered by the Court, any witness having access to PROTECTED INFORMATION under the terms of this Order or by virtue of his or her employment or other relationship with a producing party or who otherwise legally has access to PROTECTED INFORMATION may be examined as a witness at deposition and trial and may testify concerning all such PROTECTED INFORMATION.

13. PROTECTED INFORMATION shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients as specified in this Protective Order, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient (1) from making working copies, abstracts, digests and analyses of CONFIDENTIAL or ATTORNEYS' EYES ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed PROTECTED INFORMATION or (2) from converting or translating CONFIDENTIAL or ATTORNEYS' EYES ONLY material into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that PROTECTED INFORMATION, in whatever form stored or reproduced, shall be limited to qualified recipients.

### IV. Disclosure to Technical Advisors, In-House Counsel, and Employees

14. No disclosure of PROTECTED INFORMATION to a Technical Adviser, or in-house counsel or employees for 3M and Caltex or their necessary support personnel shall occur until that Technical Advisor, in-house counsel, or employee has signed the Written Assurance attached hereto as Exhibit A.

### V. Challenges to Confidentiality Designations

15. The parties shall use reasonable care when designating documents or information under this Order. Nothing in this Order shall prevent a receiving party from contending that any documents or information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the designation with respect to any document or information contained therein.

16. A party shall not be obligated to challenge the propriety of a designation of any category of PROTECTED INFORMATION at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes.

17. If an agreement cannot be reached, the receiving party may move the Court for an order cancelling or modifying the designation or permitting broader disclosure other than that specified herein. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

18. Until a determination by the Court, the information at issue shall be treated as having been properly designated and subject to the terms of this Order.

## VI. Nonparty Use of This Protective Order

19. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order. Any party seeking to challenge the designation of non-party information as CONFIDENTIAL or ATTORNEYS' EYES ONLY or who is seeking to use such information in proceedings where it may become a part of the public record, shall follow the procedures provided for in paragraphs 7 and 17 above and provide notice to the non-party in sufficient time to allow the non-party to appear and seek continued protection of its information as designated.

20. A nonparty's use of this Protective Order to protect its PROTECTED INFORMATION does not entitle that nonparty access to the PROTECTED INFORMATION produced by any party in this case.

## VII. Inadvertent Waiver

21. Inadvertent or unintentional production of documents or things containing PROTECTED INFORMATION, but which are not properly designated as such at the time of production, shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The producing party shall immediately notify the receiving party promptly after discovery of the error in writing and the receiving party shall thereafter treat the information as PROTECTED INFORMATION under this Order. The producing party will also provide replacement pages bearing the appropriate confidentiality legend or legends upon discovery of the error. To the extent such information may have been disclosed to persons other than authorized persons described in this document, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the PROTECTED INFORMATION from the recipient(s) thereof, and using its best efforts to secure the agreement of

Mitchell Silberberg & Knupp LLP

1 the recipient(s) not to further disseminate the PROTECTED INFORMATION in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

22. Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently or unintentionally produces materials protected by the attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and requesting that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within ten (10) days of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item(s) of information, whichever scenario occurs earlier. In the recipient(s) gathering and return of all copies of the privileged or immune material to the producing party, the recipient(s) shall be exempt from returning any pages containing privileged markings by the recipient and those pages shall instead be destroyed and certified as such by the recipient to the producing party. The party having returned such inadvertently produced item(s) of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure. The

Mitchell Silberberg & Knupp LLP

producing party will further include the inadvertently produced document on its privilege log(s) for the inadvertently or unintentionally produced materials. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

23. The parties shall adhere to the requirements of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 regarding the handling of inadvertently produced discovery material that is protected from disclosure under the attorney-client privilege, the work product doctrine, or other privilege, doctrine, right, or immunity. For avoidance of doubt, this Order incorporates the agreement of the parties that inadvertent production of material that would otherwise have been protected from disclosure under the attorney-client privilege, work product doctrine, or other privilege, doctrine, right or immunity shall not constitute a waiver of such protection, pursuant to Federal Rule of Evidence 502(d) and (e).

**VIII. Miscellaneous Provisions**

24. Nothing contained in this Protective Order shall preclude or impede the ability of the parties' counsel to communicate with their respective clients and experts to provide advice and counseling with respect to this action, based upon counsel's review and analysis of PROTECTED INFORMATION, provided counsel does not disclose PROTECTED INFORMATION in a manner not specifically authorized under this Protective Order. Counsel may discuss with the individuals listed in paragraphs 8(d)(1) and 8(d)(2), provided they are actively involved in the prosecution, defense, or settlement of this action, the general nature of "ATTORNEYS' EYES ONLY" materials, without disclosing the specifics of those materials, but solely to the extent necessary to the effective representation of their respective clients, and only after such person has signed the Written Assurance in the form attached hereto as Exhibit A.

25. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by outside counsel of record for the party against whom such waiver will be effective.

26. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the receiving party, either return or destroy all physical objects and documents which embody PROTECTED INFORMATION it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of PROTECTED INFORMATION, except that counsel for each party may retain one copy of each document and thing designated by the other party as PROTECTED INFORMATION and one copy of each document and thing containing information based on said information for record purposes only. All PROTECTED INFORMATION not embodied in physical objects and documents shall remain subject to this Order. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any PROTECTED INFORMATION for archival purposes only. If a party opts to destroy PROTECTED INFORMATION, that party must provide a Certificate of Destruction to the producing party.

Mitchell Silberberg & Knupp LLP

27. If, at any time, a party receives a subpoena or other such order to produce documents containing PROTECTED INFORMATION to any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

28. Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own PROTECTED INFORMATION.

29. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

30. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

31. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall

continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the PROTECTED INFORMATION for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning PROTECTED INFORMATION produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California.

**IT IS SO ORDERED.**

This 18th day of September, 2012.

                                     */s/John E. McDermott*
                                     Honorable John E. McDermott
                                     United States Magistrate Judge

Mitchell Silberberg & Knupp LLP

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____, county of _____, state of _____;

I am currently employed by _____ located at _____ and my current job title is _____.

I acknowledge having received the Protective Order dated _____, filed in Case No. 2:11-cv-07400-RSWL-JEM, pending in the United States District Court for the Central District of California. I have read the Protective Order and agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated CONFIDENTIAL or ATTORNEYS' EYES ONLY obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

Mitchell Silberberg & Knupp LLP

1   I submit myself to the jurisdiction of the United States District Court for the
2   Central District of California for the purposes of enforcing or otherwise providing
3   relief relating to the Protective Order.
4   I declare under penalty of perjury under the laws of the United States of
5   America that the foregoing is true and correct.
6   Executed on _____, 2012.

                                                                                      [Signature]

11  [

Mitchell Silberberg & Knupp LLP